```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

```
_____
                                       :
NISIM YUSHUVAYEV,                      :
                                       :
         Petitioner,                   :    Civ. No. 14-5851 (NLH)
                                       :
     v.                                :    OPINION
                                       :
WARDEN JORDAN R. HOLLINGSWORTH,        :
                                       :
         Respondent.                   :
_____:
```

APPEARANCES:

Petitioner pro se
Nisim Yushuvayev, #63039-053
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ  08640

Counsel for Respondent
David Vincent Bober, Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State Street, Suite 430
Trenton, NJ  08608

Paul A. Blaine
Office of the U.S. Attorney, Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101


HILLMAN, District Judge

     Petitioner Nisim Yushuvayev, a prisoner confined at the

Federal Correctional Institution ("FCI") at Fort Dix, New

Jersey, has submitted a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2241.[1]  The sole named Respondent is Warden Jordan Hollingsworth.

Because it appears from a review of the Petition and the parties' submissions that Petitioner is not entitled to relief, the Petition will be denied.

## I.   BACKGROUND

On November 15, 2006, Petitioner was sentenced in the United States District Court for the Eastern District of New York to a term of 120 months imprisonment, with 5 years of supervision to follow, for conspiracy against rights, in violation of 18 U.S.C. § 241.  The conviction stemmed from a scheme in which Petitioner, while working as a Customs and Border Patrol Agent, attempted to unlawfully deport a cooperating witness who was expected to testify for the Government in an alien smuggling case.  Both parties are in agreement that, assuming he receives all available good-conduct credit available, Petitioner's projected release date is July 25, 2015.

---

[1]   Section 2241 provides in relevant part:

   (a)   Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
. . .
   (c)   The writ of habeas corpus shall not extend to a prisoner unless-- . . . (3) He is in custody in violation of the Constitution or laws or treaties of the United States[.]

On November 7, 2013, approximately 20 months in advance of Petitioner's projected release date, his Unit Team at FCI Fort Dix held a "program review" during which it discussed whether Petitioner should be placed in a Residential Re-entry Center ("RRC") prior to his release.  Ultimately, the Unit Team assigned to Petitioner's case determined that an RRC placement of 90-120 days was sufficient.

Unsatisfied with this determination, Petitioner filed a motion with the judge who sentenced him, seeking a judicial recommendation that he be placed in an RRC for twelve months. On August 4, 2014, the sentencing judge granted the motion, finding that "twelve months of placement in a RRC would facilitate the Defendant's re-adjustment into the community." Petition at 41 ("Exhibit J"), Yushuvayev v. Warden Hollingsworth, No. 14-5851 (D.N.J. Sept. 22, 2014) ECF No. 1. The court directed that the order be forwarded to Petitioner's case manager at FCI Fort Dix. Id.  As a result, on August 19, 2014, Petitioner's Unit Team held a meeting to reconsider Petitioner's RRC placement in light of the sentencing judge's order. The Unit Team reconsidered Petitioner's placement but adhered to its initial recommendation of 90-120 days.

On or about January 19, 2014, Petitioner filed an administrative remedy form with the warden of FCI Fort Dix, challenging his Unit Team's RRC recommendation.  On February 4, 2014, the warden denied the request.  Petitioner appealed that

determination administratively, and the appeal was denied on April 2, 2014. Petitioner then appealed that denial to the BOP Central Office, and did not receive a response.

Subsequently, Petitioner filed this Petition for Writ of Habeas Corpus challenging certain aspects of the execution of his federal sentence. Specifically, Petitioner contends that "the discretion utilized to limit Petitioner's RRC Placement was not 'exercised... in accordance with the relevant statutory factors.'" Reply at 3, Yushuvayev, No. 14-5851, ECF No. 5 (emphasis omitted). Petitioner requests that the Court: (1) require the Bureau of Prisons to "reconsider the length of Petitioner's RRC placement in accordance with the Second Chance Act without regard to the limitations imposed by the April 14, 2008, November 14, 2008 and June 24, 2010 memoranda"; and (2) compel the "Regional Director to separately and in good faith consider whether Petitioner should be awarded a 12-month RRC placement as an incentive for his participation in BOP's skills development program." Id.

In an Order entered on October 14, 2014, this Court ordered Respondent to file an answer, which was received on November 14, 2014.[2] Petitioner filed a Reply on December 4, 2014. Briefing is complete and this matter is now ready for decision.[3]

---

[2] Respondent concedes that Petitioner has exhausted his administrative remedies with respect to this claim.

[3] The Court received a letter from Petitioner dated January 5, 2015 in which Petitioner alleges that the BOP RRC Placement

II. <u>ANALYSIS</u>

A. <u>The Second Chance Act</u>

Title 18 Section 3621(b) governs Bureau of Prisons inmate placement decisions, generally, and provides:

> (b) Place of imprisonment.  The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1)  the resources of the facility contemplated;
> (2)  the nature and circumstances of the offense;
> (3)  the history and characteristics of the prisoner;
> (4)  any statement by the court that imposed the sentence -
>      (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>      (B) recommending a type of penal or correctional facility as appropriate; and
> (5)  any pertinent policy statement issued by the Sentencing Commission pursuant to Section 994(a)(2) title 28 ... .
>
> ... Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a community corrections facility shall have no binding effect on the authority of the Bureau under this section to determine or change the place of imprisonment.

---

Manager is refusing to process Petitioner's RRC Placement packet until this Court renders a decision with respect to this Petition.  Assuming this assertion to be true, the issuance of this Opinion and accompanying Order renders this issue moot.

In general, community corrections facilities are "penal or correctional" facilities within the meaning of § 3621(b) and a prisoner can be placed at a community corrections facility at any time during his imprisonment.  See, e.g., Miller v. Federal Bureau of Prisons, 147 F. App'x 302 (3d Cir. 2005).

1. Residential Re-entry Center Placement

A separate provision, 18 U.S.C. § 3624(c), governs the BOP's obligation to facilitate inmates' re-entry into society, and permits the BOP, among other things, to place prisoners in Residential Re-entry Centers.  As amended by the Second Chance Act of 2007, Pub. L. No. 110-199, effective April 9, 2008 (the "Second Chance Act"), section 3624(c) provides, in pertinent part:

> (1) In General.--The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.  Such conditions may include a community correctional facility.
>
> ...
>
> (4) No limitations.--Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621.
>
> ...
>
> (6) Issuance of regulations.--The Director of the Bureau of Prisons shall issue regulations pursuant

>   to this subsection not later than 90 days after the
>   date of the enactment of the Second Chance Act of
>   2007, which shall ensure that placement in a
>   community correctional facility by the Bureau of
>   Prisons is--
>
>>   (A) conducted in a manner consistent with
>>   section 3621(b) of this title;
>>
>>   (B) determined on an individual basis; and
>>
>>   (C) of sufficient duration to provide the
>>   greatest likelihood of successful reintegration
>>   into the community.

18 U.S.C. § 3624(c) (emphasis added).

On April 14, 2008, between the effective date of the Second Chance Act and October 21, 2008 (the date of publication of the interim rule), the BOP issued a guidance memorandum directing staff of the following changes set forth by the Second Chance Act: (1) RRC placements were increased to a maximum of 12 months; (2) RRC placement determinations were to be made on an individualized basis using the criteria set forth in 18 U.S.C. § 3621(b); and (3) sentencing court orders, recommendations, or requests directing an inmate's placement in an RRC were not binding.

The April 14, 2008 Guidance Memorandum advised that "inmates must now be reviewed for pre-release RRC placements 17-19 months before their projected release dates," and the memorandum set forth the five factors under 18 U.S.C. § 3621(b) that must be considered when determining RRC placement dates.

Declaration of Konrad Adamiec ("Attachment 7") at 33, Nelson v. Zickefoose, No. 12-2269 (D.N.J. Sept. 5, 2012) ECF No. 7-1.[4] With respect to the latter advisement, the memorandum stated:

> [T]he Act requires staff to ensure that each pre-release RRC placement decision is "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 18 U.S.C. § 3624(c)(6)(C) (amended). This means that BOP Staff must approach every individual inmate's assessment with the understanding that he/she is now eligible for a maximum of 12 months pre-release RRC placement. Provisions in [Program Statement] 7310.04 that reflect any other possible maximum timeframe must be ignored.

Id., at 36 (emphasis in original).

The Guidance Memorandum cautioned, "[w]hile the Act makes inmates eligible for a maximum of 12 months pre-release RRC placements, Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less.  Should staff determine an inmate's pre-release RRC placement may require greater than six months, the Warden must obtain the Regional Director's written concurrence before submitting the placement to the Community Corrections Manager." Id.

---

[4] Respondent fails to attach the April 14, 2008, November 14, 2008 and June 24, 2010 BOP Memoranda to its Response.  However, the existence and substance of these memoranda are not in dispute.  Additionally, these memoranda were referenced and appear on the docket in Nelson v. Zickefoose, No. 12-2269 (NLH).  Accordingly, the Court takes judicial notice of these memoranda and will cite to them as they appear on the docket in Nelson.

On October 21, 2008, the BOP issued the regulations required by the Second Chance Act setting forth procedures for evaluating inmates' pre-release placement decisions to RRCs or home detention. See 28 C.F.R. §§ 570.20-570.22.  Following issuance of the new regulations, on November 14, 2008, the Bureau of Prisons issued a new Guidance Memorandum. Similar to the April memorandum, the November memo requires "unusual or extraordinary circumstances justifying" placement in an RRC beyond six months, and then only with the approval of the Regional Director. Declaration of Konrad Adamiec ("Attachment 8") at 44, Nelson, ECF No. 7-1.

On June 24, 2010, the BOP issued a third, revised Guidance Memorandum. Declaration of Konrad Adamiec ("Attachment 9") at 58, Nelson, ECF No. 7-1.  This memorandum directed staff "to focus on RRC placement as a mechanism to reduce recidivism." Id. at 58.  In that regard, the third memorandum stated:

> Our RRC resources are limited and must be focused on those inmates most likely to benefit from them in term of anticipated recidivism reduction. In other words, our decisions are to be based on an assessment of the inmate's risk of recidivism and our expectation that RRC placement will reduce that risk. Our strategy is to focus on inmates who are at higher risk of recidivating and who have established a record of programming during incarceration, so that pre-release RRC placements will be as productive and successful as possible.

Id. The third memorandum re-emphasized that individual assessment is required to determine each inmate's

appropriateness for RRC placement and the length thereof, using the factors set forth in 18 U.S.C. § 3621(b). Id. at 59. In a change from the two prior memoranda, the June 24, 2010, memorandum stated that "Regional Director approval of RRC placement longer than six months is no longer required." Id. As to length of RRC placement (for those inmates found to be appropriate for same), the 2010 memorandum directed staff attention to "high-risk versus low-risk inmates," with the guidance that inmates with a higher risk for recidivism should be considered for longer RRC placements (at least 90 days whenever possible). Id. at 61.

    2. Federal Prisoner Re-entry Initiative

The Second Chance Act also enacted 42 U.S.C. § 17541, which provides for the establishment of a Federal Prisoner Reentry Initiative. The Statute provides in pertinent part:

> (a)   in general. The Attorney General, in coordination with the Director of the Bureau of Prisons, shall, subject to availability of appropriations, conduct the following activities to establish a federal prisoner reentry initiative:
>
> . . .
>
>     (2) Incentives for a prisoner who participates in reentry and skills development programs which may, at the discretion of the Director include-
>
>         (A) the maximum allowable period in a community confinement facility;

42 U.S.C. § 17541(a)(2)(A).

Thus, pursuant to 42 U.S.C. § 17541(a)(2)(A), one incentive for inmate participation in BOP skills development programs is consideration for the maximum allowable placement in an RRC.

B. Petitioner's Claim

Petitioner clarifies in his Reply that he does not believe he is entitled to any particular length of pre-release placement in RRC. Reply at 3, Yushuvayev, No. 14-5851, ECF No. 5. He concedes that "pre-release decisions are committed by statute to the discretion of the Director of the Bureau of Prisons." Id. (emphasis omitted). However, Petitioner takes issue with the Unit Team's review of his RRC placement in two respects. First, he contends that the length of his RRC placement should be reviewed separately, and in good faith, by the Regional Director. Second, Petitioner asserts that the length of his RRC placement should have been considered in accordance with the Second Chance Act without regard to the limitations imposed by the April 14, 2008, November 14, 2008 and June 24, 2010 memoranda.

1. Personal Review by the Regional Director

Petitioner contends that the "discretion utilized to limit Petitioner's RRC Placement was not "exercised . . . in accordance with the relevant statutory factors." Id. (emphasis omitted). This Court disagrees. In support of his contention that the statute was not properly followed, Petitioner notes

that the Regional Director never independently and separately considered Petitioner's successful participation in BOP skills development programs when considering the length of Petitioner's RRC placement. For the reasons that follow, this Court rejects Petitioner's arguments and determines that the Regional Director's independent review of Petitioner's case is not required by statute, or any other source.

Petitioner first argues that independent consideration by the Regional Director of RRC placement is required by the language of 42 U.S.C. § 17541(a)(1)(G). As an initial matter, the Court notes that the language of the statute makes no reference to a "Regional Director." The "Director" referred to in 42 U.S.C. § 17541 is the "Director of the Bureau of Prisons." See 42 U.S.C. § 17541 ("The Attorney General, in coordination with the Director of the Bureau of Prisons, shall . . . "). Therefore, Petitioner finds no support for his request that his case be independently reviewed by the Regional Director in this statute.

Additionally, nothing in § 17541 requires the Director of the BOP to personally complete an independent review of each prisoner's participation in skills development programs in order to determine the length of his or her RRC placement. Rather, § 17541 simply establishes that one of the incentives for participation in skills development programs may include

consideration for the maximum allowable placement in an RRC and that the decision to include this maximum period as an incentive is left to the Director's discretion.  Section 17541 does not direct that the Director, himself or herself, perform the analysis associated with determining the length of each prisoner's pre-release placement.  As discussed below, this analysis and pre-release placement decision is left to the discretion of the Bureau of Prisons, in general.

The statutes which more specifically govern pre-release placement decision are 18 U.S.C. § 3621(b) and 18 U.S.C. § 3624(c).  Section 3621(b) empowers the Bureau of Prisons, not the Director, to decide inmate placement decisions. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment.").  Likewise, the Director's role under § 3624(c) is limited to considering conditions to facilitate prisoners' re-entry into the community, and to issuing regulations to ensure placement in a community correctional facility. See 18 U.S.C. § 3624(c)(1) & § 3624(c)(6).  It is the Bureau of Prisons who, according to the statute, ultimately makes the placement decision. See 18 U.S.C. § 3624(c)(6).

To the extent Petitioner argues that the Director's personal review of his RRC placement is required in light of this Court's holding in Nelson v. Zickefoose, No. 12-2269 (NLH),

2013 WL 140049 (D.N.J. Jan. 9, 2013), Petitioner is mistaken. In Nelson, this Court stated that "pre-release placement decisions are committed by statute, to the discretion of the Director of the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations." Nelson, 2013 WL 140049 at *14 (emphasis added) (citing Travers v. Federal Bureau of Prisons, No. 09-5153, 2009 WL 4508585 (D.N.J. Nov. 30, 2009)).  Although this Court's statement in Nelson makes specific reference to the Director of the BOP, as explained above, the applicable statutes clearly mandate that pre-placement decisions are made by the BOP.  Moreover, Nelson cites to a Sixth Circuit case which expressly noted that it is the BOP who considers the length of an inmate's placement in an RRC. See Lovett v. Hogsten, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009) ("[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the Bureau of Prisons to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence.") (emphasis omitted) (original citations omitted).

    Finally, prior to the reference to the Director, this Court stated earlier in its Nelson Opinion that it was the BOP's obligation to consider a twelve-month pre-release RRC placement and that prisoners' confinement remained at the BOP's discretion. Nelson, 2009 WL 4508585 at * 5 ("[T]he current

obligation of the BOP, under § 3624(c), to consider a twelve-month pre-release RRC placement does not limit the BOP's discretion, under § 3621(b), to confine a prisoner in an RRC, at any time, for any period."). Thus, aside from the potentially misleading statement referencing the Director specifically, the decision in Nelson stands for the proposition that pre-release placement decisions are made by the BOP, in general, and not the Director personally. Therefore, Nelson does not support Petitioner's argument that his RRC placement decision should be independently reviewed by the Regional Director.

This Court now clarifies what may have been unclear from its holding in Nelson: Pre-placement decisions are committed, by statute, to the Bureau of Prisons, whose exercise of discretion is to be guided by the enumerated considerations. There exists ample case law which affirms that the BOP makes pre-placement decisions and which simultaneously establishes that the Second Chance Act does not entitle a federal prisoner to any particular length of pre-release placement in an RRC. See Lovett, 2009 WL 5851205; Creager v. Chapman, No. 09-713-A, 2010 WL 1062610 (N.D.Tex. March 22, 2010) ("The duration of [residential reentry center] placement is a matter as to which the [Bureau of Prisons] retains discretionary authority.") (internal citations omitted); McDonald v. Obama, No. 10-379, 2010 WL 1526443 (M.D.Pa. March 15, 2010) ("[T]he [Second Chance] Act expressly

and repeatedly emphasizes that the Bureau of Prisons retains full discretion in identifying when and how inmates are placed at RRCs.").

Accordingly, Petitioner's pre-release placement is not subject to independent review by the Regional Director and this Court's review is limited to whether the Bureau of Prisons abused its discretion. Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (citing Barden v. Keohane, 921 F.2d 476, 478 (3d Cir. 1991)). Here, the record clearly establishes that the Unit Team and reviewing officials properly exercised their discretion in accordance with the statutory factors. Petitioner received individualized consideration and his placement was re-evaluated in light of the sentencing judge's recommendation. Declaration of BOP Case Manager Carrie Masters at 8, 12 & 14, Yushuvayev, No. 14-5851, ECF No. 4-2. Petitioner's disagreement with the outcome does not entitle him to habeas relief. See Creager, 2010 WL 1062610.

  2. Reconsideration without regard to BOP Memoranda

Petitioner's second request for relief in this § 2241 petition is that the Court compel the BOP to reconsider the length of his RRC placement without regard to the limitations imposed by the April 14, 2008, November 14, 2008 or June 24, 2010 memoranda. Petitioner cites to Krueger v. Martinez, 665 F. Supp. 2d 477 (M.D.Pa. 2009) in support of his argument. In

Krueger, the court found that the April 2008 and November 2008 BOP memoranda — which instructed staff that pre-release placement needs can usually be accommodated by a placement of six months or less, and which required staff to seek approval from a Regional Director for placements longer than six months — had the effect of limiting staff discretion.

As an initial matter, the Court notes that the holding in Krueger is not binding on this Court.  Additionally, many other courts have declined to adopt the rationale in Krueger. See e.g., Greene v. Longley, No. 11-109, 2011 WL 3924984 (W.D.Pa. Sept. 7, 2011); Bernard v. Roal, No. 09-3740, 716 F. Supp. 2d 354 (S.D.N.Y. June 10, 2010); Ramos v. Holt, No. 10-681, 2010 WL 2471707 (M.D.Pa. May 5, 2010); McDonald v. Obama, No. 10-379, 2010 WL 1526443 (M.D.Pa. March 15, 2010).

Furthermore, the record in this case demonstrates that Petitioner's six-month RRC placement was determined not on the basis of the limitations contained in the BOP memoranda, but as a result of application of the § 3621(b) factors. See Declaration of BOP Case Manager Carrie Masters at 8, 12 & 14, Yushuvayev, No. 14-5851, ECF No. 4-2; see also, Kirksey v. Zickefoose, No. 09-6422, 2010 WL 2759564 (D.N.J. July 12, 2010). The Unit Team twice determined that an RRC placement of 90-120 days was sufficient.  Also, the third BOP memorandum, issued on June 24, 2010, eliminated the requirement for Regional Director

approval of RRC placement longer than six months.  Thus, the provisions in the memoranda which Petitioner argues are restrictive or impermissibly limiting did not come into play in his case.

As stated earlier, the record establishes that the Unit Team and reviewing officials properly exercised their discretion in accordance with the statutory factors.  Petitioner has not demonstrated that he "is in custody in violation of the Constitution or law or treaties of the United States ...," as required for relief under 28 U.S.C. § 2241.

### III. CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate Order follows.

_s/ Noel L. Hillman\_\_\_\_\_
NOEL L. HILLMAN
United States District Judge

Dated: March 18, 2015
At Camden, New Jersey